# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD SUBER, JR. | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: _____ |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| COMMUNICATIONS TEST | ) |
| DESIGN, INC. d/b/a CTDI | ) |
| | ) |
| and | ) |
| | ) |
| ADECCO USA, INC. | ) |
| | ) |
| Defendants. | ) *ELECTRONICALLY FILED* |

## **COMPLAINT**

Plaintiff, RONALD SUBER, JR., a resident of Chester County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendants, COMUNICATIONS TEST DESIGNS, INC. d/b/a CTDI and ADECCO USA, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* (the "ADAAA"), 28 U.S.C. §§1331, 1343 and 1367, and the Pennsylvania Human Relations Act ("PHRA").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Ronald Suber, Jr. (hereinafter "Mr. Suber" or "Plaintiff), is an adult individual residing at 414 Prospect Avenue, Coatesville, Chester County, Pennsylvania.

4. Plaintiff is disabled as defined by the ADAAA.

5. Defendant, Communications Test Design, Inc. d/b/a CTDI (hereinafter "CTDI"), is a full-service, global engineering, repair and logistics company, incorporated in the Commonwealth of Pennsylvania, that provides best-cost solutions to the communications industry, with its corporate headquarters located at 1373 Enterprise Drive, West Chester, Chester County, Pennsylvania.

6. At all times relevant and material hereto, CTDI was an employer as defined in the ADAAA and the PHRA.

7. Defendant, Adecco USA, Inc. (hereinafter "Adecco" and collectively with CTDI as "Defendants"), is a staffing company, incorporated in the State of Delaware, that recruits and places temporary general labor, clerical, administrative, light industrial, and technical professionals throughout the United States, with its corporate headquarters located at 1051 Deerwood Park Boulevard, Jacksonville, Duval County, Florida.

8. At all times relevant and material hereto, Adecco was an employer as defined in the ADAAA and the PHRA.

9. At all times relevant and material hereto, CTDI was a client of Adecco who provided on-site employment staffing/placement services.

## ADMINISTRATIVE PROCEEDINGS

10. On or about March 22, 2017, Mr. Suber filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was docketed as EEOC Charge 846-2017-09782, with instructions to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission for purposes of dual filing.

11. Mr. Suber has been advised of his right to sue in federal court, which notice was received on or about September 25, 2018.

12. All necessary and appropriate administrative prerequisites to this action have occurred.

## **STATEMENT OF FACTS**

13. Beginning on or about August 11, 2016, Mr. Suber was employed by Adecco, and placed with their employment staffing/placement client CTDI, as a Picker/Packer and Machine Operator at their Coatesville, Pennsylvania facility where cable boxes are tested.

14. Despite the fact that Mr. Suber is a disabled individual due to his cerebral palsy diagnosis (a fact which was known to both Adecco and CTDI almost immediately upon recruitment, hiring, and placement), he was able to perform the essential functions of a Picker/Packer and Machine Operator without an accommodation.

15. In or about October 2016, Mr. Suber was informed by Adecco's Human Resources that CTDI was experiencing a downturn in business, and that he was being reassigned to a different position as a Tester, which would occasionally require him to lift heavy boxes and load them onto carts.

16. Mr. Suber willingly excepted his new assignment, however, he was confused and found it strange that CTDI was taking on new workers without disabilities as Picker/Packers and Machine Operators, given CTDI's claim that his reassignment was necessary because CTDI had too many Picker/Packers and Machine Operators given the downturn in business.

17. Once again, Mr. Suber was able to perform the essential functions of his new job as a Tester, however, at times he now required some additional time or assistance on the occasions he needed to lift a heavy box and load it onto a cart as a result of his limited ability to lift and place objects due to his cerebral palsy disability.

18. Specifically, Mr. Suber would request some additional time or assistance on the occasions he needed to lift a heavy box and load it onto a cart from his CTDI supervisor, Steve Scannapieco, who would make the accommodation by assigning coworkers to assist with lifting and placing the heavier boxes in order to allow Mr. Suber to keep pace with production.

19. In an effort to be employed at CTDI without an accommodation, Mr. Suber requested on multiple occasions to Jennifer (last name unknown) at Adecco, between October and December 2016, that he be returned to his previous position as a Picker/Packer and Machine Operator.

20. Despite these requests to Adecco, Mr. Suber was ignored, and Defendants continued to use new workers without disabilities to perform his old job as a Picker/Packer and Machine Operator.

21. On or about December 23, 2016, Mr. Scannapieco terminated Mr. Suber explaining that he (Mr. Scannapieco) was unhappy with Plaintiff's speed of work and the rate of his production.

22. Mr. Suber believes that he was reassigned by Defendants because of his cerebral palsy disability and was terminated because Defendants no longer wanted to provide him with his current accommodation of assigning coworkers to assist with lifting and placing the heavier boxes, provide him with the reasonable accommodation of being placed back in his former position as a Picker/Packer and Machine Operator, and/or engage in the interactive process of working with Mr. Suber to implement an alternative reasonable accommodation.

23. Adecco, as an onsite staffing agency, was at all times aware of, responsible for, and/or involved in the decisions with regard to Mr. Suber's employment at CTDI, including but not limited to his recruitment, hiring, placement, reassignment, accommodation requests and denials, and/or termination.

24. Mr. Suber could perform the essential functions of the Picker/Packer and Machine Operator job without an accommodation and the essential functions of the Tester job with the reasonable accommodation of assigning coworkers to assist with lifting and placing the heavier boxes.

25. At all times, Defendants refused to engage in any good faith interactive process with Mr. Suber to find a reasonable accommodation, including placement in a position which he could physically perform either with or without an accommodation.

26. Defendants discriminated against Mr. Suber based upon his cerebral palsy disability by reassigning him to be a Tester while placing new workers without a disability in the Picker/Packer and Machine Operator job, failing to engage in any good faith interactive process with Plaintiff to find a reasonable accommodation, and subsequently terminating Plaintiff, all in violation of Mr. Suber's rights under the ADAAA and the PHRA.

## COUNT I

### Discrimination and Failure to Provide Reasonable Accommodation Pursuant to the ADAAA
### (Plaintiff v. All Defendants)

27. The averments of Paragraphs 1 through 26 above are incorporated by reference as though fully set forth herein.

28. Mr. Suber is within the protective class of individuals as designated by the ADAAA.

29. Mr. Suber is a qualified individual with a disability.

30. Mr. Suber's cerebral palsy disability substantially limits his ability to lift, carry and/or place objects, as well as walk.

31. Mr. Suber was able to perform the essential functions of his Picker/Packer and Machine Operator job without an accommodation.

32. Defendants violated the ADAAA by reassigning Mr. Suber to the job of Tester while placing new workers without disabilities as Picker/Packers and Machine Operators under the false pretext that Plaintiff was being reassigned from this job, one that he could do without an accommodation, due to a downturn in CTDI's business.

33. Mr. Suber alleges that he was reassigned and replaced by other workers because of his cerebral palsy disability.

34. Defendants further violated the ADAAA by refusing to allow Mr. Suber to continue with an already reasonable accommodation or allow for an alternative reasonable accommodation.

35. Specifically, on or about December 23, 2016, Mr. Scannapieco terminated Mr. Suber because of Plaintiff's occasional slower speed of work and reduced rate of his production, an issue which was previously addressed by allowing the accommodation of assigning coworkers to assist with lifting and placing the heavier boxes in order to allow Mr. Suber to keep pace with production.

36. Mr. Suber could perform the essential functions of the Tester job with the reasonable accommodation of assigning coworkers to assist with lifting and placing the heavier boxes in order to allow him to keep pace with production.

37. Despite this otherwise available reasonable accommodation that was previously allowed, Defendants elected to terminate Mr. Suber.

38. Moreover, Mr. Suber requested on multiple occasions that he be returned to his previous position as a Picker/Packer and Machine Operator for which CTDI was still placing new workers, an otherwise reasonable accommodation under the ADAAA for an individual with a disability.

39. Mr. Suber could perform the essential functions of the Picker/Packer and Machine Operator job without an accommodation.

40. Despite these requests, Mr. Suber was ignored and forced to remain as a Tester without a reasonable accommodation, while Defendants continued to place new workers without disabilities in his old job as a Picker/Packer and Machine Operator.

41. Defendants further violated the ADAAA by refusing to engage in any good faith interactive process with Mr. Suber to find a reasonable accommodation, including placement in a position which he could physically perform either with or without an accommodation.

42. As stated earlier, Mr. Suber believes that he was reassigned by Defendants because of his cerebral palsy disability and was terminated because Defendants no longer wanted to provide him with his current accommodation of assigning coworkers to assist with lifting and placing the heavier boxes lifting and

placing the heavier boxes, provide him with the reasonable accommodation of being placed back in his former position as a Picker/Packer and Machine Operator, and/or engage in the interactive process of working with Mr. Suber to implement an alternative reasonable accommodation.

43. The illegal discrimination is based on whole or in part upon Mr. Suber's cerebral palsy disability.

44. As a direct and proximate result of Defendants' conduct in violating the ADAAA by discriminating against Mr. Suber on the basis of his cerebral palsy disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Ronald Suber, Jr., respectfully prays that judgment be entered in his favor and against Defendants, Communications Test Design, Inc. d/b/a CTDI and Adecco USA, Inc., for violation of his rights under the ADAAA and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, reasonable attorneys

fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

## COUNT II

### Discrimination and Failure to Provide Reasonable Accommodation Pursuant to the PHRA
### (Plaintiff v. All Defendants)

45. Paragraphs 1 through 44 above are incorporated herein by reference as if more fully set forth at length.

46. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

47. By discriminating against and failing to accommodate Mr. Suber on the basis of his disability, Defendants violated his state rights under the PHRA, which prohibits discrimination based upon a disability with respect to the continuation and tenure of employment.

48. As more fully set forth in Count I, Mr. Suber has suffered directly and solely as a result of Defendants' action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Ronald Suber, Jr., respectfully prays that judgment be entered in his favor and against Defendants, Communications Test Design, Inc. d/b/a CTDI and Adecco USA, Inc., for violation of his rights under the PHRA, and award all of the relief sough in Count I, *supra*, and such other and further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

### DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

11/5/2018
Date

Derrek W. Cummings, Esquire
PA Bar I.D. #: PA83286
dcummings@mwcfirm.com

Larry A. Weisberg, Esquire
PA Bar I.D. #: PA83410
lweisberg@mwcfirm.com

Steve T. Mahan, Esquire
PA Bar I.D. #: PA313550
smahan@mwcfirm.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*

12